**Dismissed and Memorandum Opinion filed May 5, 2020.**



In The

# Fourteenth Court of Appeals

NO. 14-18-00629-CV

**MARTIN NORRIS, Appellant**

**V.**

**DARYL OSTRANDER AND/OR 1406 ROCK CLIFF ROAD, AUSTIN, TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Travis County, Texas**
**Trial Court Cause No. C-1-CV-17-006563**

## MEMORANDUM OPINION

Appellant Martin Norris filed suit against appellee Daryl Ostrander and/or 1406 Rock Cliff Road, Austin, Texas (Ostrander) for electrical work performed on Ostrander's home. The trial court granted two motions for partial summary judgment Ostrander filed challenging Norris's causes of action. Ostrander then non-suited his counterclaims against Norris. Ostrander did not request, nor did the trial court sign, an order of non-suit. Norris then filed an amended petition. In that

motion Norris alleged two new causes of action, a suit on a sworn account and breach of contract. Norris also filed a motion for leave to file his amended petition and a motion for new trial. Norris set the motion for new trial for hearing and the trial court denied the motion the same day as the hearing. Norris subsequently filed this appeal.[1] As explained below, we conclude the record establishes that we lack jurisdiction over this appeal.

While there were two partial summary judgments signed by the trial court that disposed of all of Norris's causes of action at the time the second partial summary judgment order was signed, Ostrander had previously filed a counterclaim against Norris. While Ostrander did file a notice of non-suit the same day that the trial court signed the second partial summary judgment order, the appellate record does not reflect that the trial court signed an order of nonsuit. This is a requirement for this court to acquire jurisdiction even if the partial summary judgments disposed of all of Norris's claims. *See Park Place Hospital v. Estate of Milo*, 909 S.W.2d 508, 510 (Tex. 1995) (holding that an order of nonsuit dismissing the parties is needed to make a summary judgment final even when the plaintiff nonsuits all claims against the party); *CMR Construction & Roofing of Austin, Inc. v. Elliot*, No. 06-19-00006-CV, 2019 WL 2273871 at *2, n.2 (Tex. App.—Texarkana May 29, 2019, no pet.) (mem. op.) ("Elliot's cited cases deal with the question of whether a summary judgment is final when the party nonsuits claims but the trial court fails to enter an order of nonsuit."); *Twin Creeks Golf Group, L.P. v. Sunset Ridge Owners Association, Inc.*, No. 03-15-00763-CV, 2016

---

[1] The Texas Supreme Court ordered the Third Court of Appeals to transfer this case to our court. Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." Tex. R. App. P. 41.3.

WL 368636, at *2 (Tex. App.—Austin Jan. 26, 2016, no pet.) (mem. op.) ("We also conclude that Sunset Ridge's amendment of its petition to remove its pending monopoly claim after the trial court already had signed the partial summary judgment order did not make the order final and appealable; a further order from the trial court was required."). So, the trial court still had plenary power after Ostrander filed his notice of non-suit. *See Wasserberg v. RES-TX One, LLC*, No. 14-13-00674-CV, 2014 WL 6922545, at *4 (Tex. App.—Houston [14th Dist.] Dec. 9, 2014, pet. denied) (mem. op.) ("As we have explained above, however, the nonsuit did not make the partial summary judgment final, so the trial court still had plenary power at the time it signed the judgment nunc pro tunc. Thus, the trial court still had the power to make its judgment final, regardless of the title it attached to the order doing so.").

After Ostrander filed his notice of nonsuit, Norris filed an amended petition adding two new causes of action. While Norris did file a motion for leave to file his amended petition, which was never signed by the trial court, there is nothing in the appellate record establishing that Norris required the trial court's permission to file an amended petition. Therefore, in addition to the lack of an order of nonsuit, the appellate record indicates there are two unresolved claims. We therefore must dismiss this case because we lack jurisdiction.

Generally, this court has civil appellate jurisdiction over final judgments or interlocutory orders specifically authorized as appealable by statute. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 51.014. On March 19, 2020 notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless Norris filed a response demonstrating grounds for continuing the appeal on or before April 9, 2020. *See* Tex. R. App. P. 42.3(a). No response has been filed.

3

We therefore dismiss the appeal for want of jurisdiction.


/s/    Jerry Zimmerer
Justice


Panel consists of Justices Christopher, Bourliot, and Zimmerer.